286



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Roy L. Hill
County Attorney
Runnels County
Ballinger, Texas

Dear Sir:

Opinion No. O-6464
Re: Whether the Commissioners'
Court of Runnels County can
legally pay the County Trea-
surer additional compensation
for keeping books for the
County Commissioners.

Your letter of March 5, 1945, requesting the opinion of this Department on the question stated therein, is in part, as follows:

"I am inclosing herewith a letter received from our County Judge, relative to the authority of the Commissioners Court, to allow the County Treasurer, additional pay, aside from her regular salary, for keeping books for the respective Commissioners, and paying her out of County funds for such service.

"Perhaps you have already ruled on this question, as I understand this method of keeping accounts is rather prevalent over Texas, and if so, will you please mail me a copy of the opinion. If you do not have this question prepared from a former opinion, then will you please advise, if in your opinion the Commissioners Court has the authority, to have their individual accounts kept, and pay for such services with County Funds?"

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Roy L. Hill, Page 2

The letter of the County Judge addressed to you, and referred to in your letter as quoted above is in part as follows:

"In the case of Stephens et al v. Mills County 113 S. W. 2 D page 944. The court passed on whether or not there was a contract between the County Treasurer and the Commissioner Court; for paying the Treasurer extra money for the work she did for the commissioners outside of her regular official duties as County Treasurer.

"The question I want to know is, can the Commissioners court pay out of their road and bridge fund money to the County Treasurer for keeping separate books for each Commissioners precinct, making a monthly itemized statement as to the receipts, and distrubments for each Commissioner precinct, each month, and then compiling at the end of the year all this information, into an annual report for each Commissioners precinct.

"This of course will be over, and above the salary she receives for performing her regular official duties as County Treasurer."

Generally speaking, the Legislature has the power to prescribe the duties and to fix the compensation of the County Treasurer. (See Section 44, Article 16 of the State Constitution). Articles 3941, 3942 and 3943, Vernon's Annotated Civil Statutes are applicable to the County Treasurer and fix the maximum compensation as same relates to only the duties of his office and have no application to extra services as referred to in your letter.

Opinion No. 0-59 of this Department holds that it is permissible for a County Treasurer to accept compensation for services rendered beyond the duties of his office where the performance of such services called for is clearly not within the scope of the official duties of the office which he holds.

It is apparent that keeping the accounts of each county commissioner is an addition to and is not a part of the official duties of the County Treasurer. (See the case of Stephens et al v. Mills County, 113 S. W. (2d) 944).

Hon. Roy L. Hill, Page 3

It is well established in this State, as stated in Texas Jurisprudence, Vol. 11, P. 564:

"Commissioners' Courts are courts of limited juris-diction, in that their authority extends only to matters pertaining to the general welfare of their respective counties and that their powers are only those expressly or impliedly conferred upon them by law, that is, by the Constitution and statutes of the State."

The case of Stephen et al v. Mills County, supra, strongly indicates that the Commissioners' Court has the legal authority to contract with the County Treasurer for the purpose of keeping the accounts of each County Commissioner, and such services are additional to and not a part of his duties as County Treasurer.

For the purposes of this opinion we must presume that the Commissioners' Court of your county is complying with the provisions of Article 6740, V. A. C. S., as interpreted by the Supreme Court of this State in the case of Stovall v. Shivers, 103 S. W. (2d) 363, and that the road and bridge fund of the county, other than the funds derived from registration of auto-mobiles received under Article 6675a-10, V. A. C. S., which we have held should be carried in a separate and distinct road and bridge fund account, is carried in a single account and is from time to time apportioned to the four Commissioners' precincts respectively as was done in the case of Garland v. Sanders, 114 S. W. (2d) 302. If this assumption is correct, we know of no reason why the Commissioners' Court may not employ the County Treasurer, or any other person to keep the accounts of each county commissioner for his respective precinct and pay for such services out of the road and bridge fund of the county since there is no duty imposed upon the County Treasurer or any other officer to keep such a detailed record and report of the receipts and disbursements for each commissioner's precinct.

If the road and bridge fund is not carried in a single account but is divided into four separate and distinct accounts there would be no necessity for such extra bookkeeping for the County Treasurer's books would at all times show the amounts

credited and charged to each of said precincts and the respective balance in each, if any.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

AW:fb

